IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICHARD M. ELBERT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF KANSAS CITY, MISSOURI, )<br>et al., )<br>)<br>Defendants. ) | Case No. 4:11-CV00428-HFS |

## DEFENDANT GIBBS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Gibbs, by and through counsel, hereby replies in support of his motion to dismiss as follows:

### I. Plaintiff's opposition fails

In opposing Defendant Gibbs' motion to dismiss, plaintiff again asserts argumentative conclusions and provides no factual basis for his allegations. For the reasons set forth herein, as well as in Defendant Gibbs' motion to dismiss, plaintiff's claims against Defendant Gibbs should be dismissed.

### II. Plaintiff's federal claims fail

*A. Count II – Excessive Use of Force*

Plaintiff's opposition to Defendant Gibbs' motion to dismiss is most accurately a hypothetical question – an assumption about things Defendant Gibbs did or did not do, or things over which Defendant Gibbs did or did not

1

supervise. However, a motion to dismiss is based upon the pleadings – not upon a party's theories about what could have or could not have been.

The pleadings in this case allege that Defendant Gibbs' involvement in the execution of a search warrant constituted excessive force. It is undisputed that Defendant Gibbs did not physical restrain plaintiff. The Eighth Circuit expressly permits detentions during searches for evidence "pursuant to a valid search warrant." *Housley v. City of Edina*, 267 Fed. Appx. 485, 486 **1 (8th Cir. 2008) (unpublished). Nowhere in his complaint has plaintiff alleged any use of excessive force by Defendant Gibbs. Only now, in response to Defendant Gibbs' motion to dismiss, does plaintiff allege that the alleged "force" was actually "malicious initiation of intimidation." [Doc. 141 at p.5]. Such an allegation is insufficient to support an allegation of excessive force. Plaintiff's claim should be dismissed.

### *B. Count VII – Harassment*

Defendant Gibbs has set forth his argument against plaintiff's harassment claim in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

### *C. Count XIV – "Conspiracy"*

In his opposition to Defendant Gibbs' motion to dismiss plaintiff's federal conspiracy claim, plaintiff alleges there was "a meeting of the minds" between various defendants. This is not sufficient to survive a motion to

2

dismiss. Defendant Gibbs' remaining arguments for dismissal of plaintiff's conspiracy claim have been set forth in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

### III. Plaintiff's federal claims barred by qualified immunity

Detective Gibbs has set forth his argument supporting his qualified immunity in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

### IV. Plaintiff's state law claims fail because plaintiff fails to state a claim

#### *Count III – False Arrest and Imprisonment*

Detective Gibbs has set forth his argument against plaintiff's false arrest and imprisonment claim in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

#### *Count V – Application and Execution of Search Warrant*

Detective Gibbs has set forth his argument against plaintiff's Count V in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

#### *Count IX – Tortious Interference*

Detective Gibbs has set forth his argument against plaintiff's tortious interference claim in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

3

### *Count XI – Invasion of Privacy*

Detective Gibbs has set forth his argument against plaintiff's invasion of privacy claim in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

### *Count XII – Negligence*

Detective Gibbs fully set forth his argument against plaintiff's negligence claim in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein. Plaintiff does not oppose Defendant Gibbs' motion to dismiss plaintiff's negligence claim, and, accordingly, Count XII should be dismissed.

### *Count XV – Conspiracy*

Detective Gibbs has set forth his argument against plaintiff's state conspiracy claim in his motion to dismiss [Doc. 137]. Defendant Gibbs incorporates that argument as if fully set forth herein.

WHEREFORE, for all of the foregoing reasons, as well as the reasons set forth in Defendant Gibbs' motion to dismiss, Defendant Detective Robert Gibbs moves this Court to dismiss plaintiff's claims against him and requests such additional relief as deemed just and proper.

Respectfully submitted,

**CHRIS KOSTER**

Attorney General

*/s/ Lauren Horsman*
LAUREN HORSMAN
Assistant Attorney General
Mo. Bar Number: 60982
615 E. 13th St., Ste. 401
Kansas City, MO 64106
Telephone: (816)889-5025
Fax: (816)889-5006
lauren.horsman@ago.mo.gov

*/s/ Erin T. Beck*
ERIN T. BECK
Assistant Attorney General
Missouri Bar No. 59061
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
(816) 889-5099
(816) 889-5006
Erin.Beck@ago.mo.gov

ATTORNEYS FOR KCPD DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification to the following person:

Douglas M. McMillan
City Attorney's Office of Kansas City
414 East 12th Street
2800 City Hall
Kansas City, MO 64106
Telephone: (816)513-3117

5

Fax: (816)513-3105
doug.mcmillan@kcmo.org
**Attorney for City of Kansas City, Missouri,
Patrice Winston, Jim Ready, Regina Wagner,
John Harbrucker, & Gary Majors**

and also herby certify that on the same date a copy of the foregoing was mailed by United States mail, postage prepaid, to the following person:

Richard M. Elbert
8113 Troost
Kansas City, MO 64131
**Plaintiff pro se**

<u>Lauren Horsman</u>
Assistant Attorney General