Richard Elbert, In Pro Se
5005 Olive, Kansas City, Missouri 64130
816-606-0713
KCFlavour@hotmail.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COMPLAINT

| Richard M. Elbert<br>Plaintiff<br>Vs<br>City of Kansas City Missouri, et al<br>Defendants | Plaintiffs Response to Defendant Gibbs Second Answer To Plaintiffs Motion For Replevin<br><br>CASE NO. 4:11-CV-00428-HFS |
|---|---|

Comes Now, this 4th Day of September, 2012, Richard M. Elbert with Plaintiffs Response to Defendant Gibbs Second Answer to Plaintiffs Motion for Replevin

Plaintiff suggests, in support of this response to defendant Gibbs answers, the following:
1. Defendant Gibbs admits entering residence of 8111A Troost, KCMo on or about December 10, 2011.
2. Defendant admits property was seized at residence. Plaintiff suggests that such property belonging to plaintiff has been in the possession of Defendant Gibbs or Defendant Board of Police Commissioners since December 2011.
    a. Plaintiff suggests that Defendant Gibbs, in cooperation with and accompanied by unknown individuals and KCMo Police officers John Does 11-20, seized and destroyed property belonging to plaintiff from the location of 8111A, B, C and D Troost, Kansas City, Missouri on or about December 10, 2011. Plaintiff suggests that defendant Gibbs lack of knowledge of the identities of John Does 11-20 may be seen as evasive since he commanded or directed such individuals.
3. Defendant suggests that plaintiff is not lawfully entitled to such property. Plaintiff was legally in possession of the locations of 8111A, B, C and D Troost, Kansas City, Missouri on or about December 10, 2011 and all items seized and destroyed at the location during that time were legally in the possession of plaintiff. Plaintiff suggests that absent other parties asserting a claim for such property, it is only reasonable that such property would be the property of plaintiff.
4. Defendant denies that such property is wrongfully detained by defendant. Plaintiff suggests that such property is detained, without cause or reason, by defendant Gibbs and/or defendant Board of Police Commissioners. Such property that was seized or destroyed at 8111A, B, C and D Troost, Kansas City, Missouri on or about December 10, 2011 is wrongfully detained by Defendant Gibbs or Defendant Board of Police Commissioners.
5. Defendant claims no knowledge of the value of such property. Plaintiff suggests that because plaintiff has no copies of any search warrants, plaintiff is not sure of the value of the property seized.
6. Defendant Gibbs denies that such property was not seized under any process, execution or attachment. Plaintiff suggests that there has been no process served to plaintiff which would allow for attachment of such property. Defendants claim that a search warrant was issued with respect to the seizure of such property. Plaintiff has repeatedly requested a copy of such search warrant and affidavit, both verbally and by written discovery requests. Defendants deny having such documents in their possession. Defendants have

not yet produced such warrant and have practiced evasive tactics to deny plaintiff such documents, which leads plaintiff to believe that such a search warrant does not exist.
7. Defendant Gibbs denies that plaintiff will be in danger of losing such property. Plaintiff suggests that plaintiff is already suffering such loss.
8. Defendant denies that other property seized by defendant was destroyed, without due process. Plaintiff suggests that plaintiff and other guests observed KCMo Police officers and other affiliates of defendant destroy property belonging to plaintiff. Plaintiff has both still pictures and video tapes to substantiate plaintiff's claims of such destruction.
9. Defendant Gibbs denies the "Wherefore" averments of plaintiffs motion. Plaintiff suggests that the "Wherefore" is a conclusion of the aforestated actions.
10. Defendant Gibbs states that such property seizure and destruction was done lawfully and is to be used in a criminal prosecution. Plaintiff suggests that defendant informed plaintiff that plaintiff was under investigation for "selling liquor without a license", a misdemeanor offense. Plaintiff suggests that such investigation has been in process for over nine months and is only malicious in nature with the sole intent of depriving plaintiff of his property. Plaintiff asserts that the impoundment of his property constitutes an unreasonable seizure in violation of the Fourth Amendment. The reasonableness standard of the Fourth Amendment applies to any seizure by the government in any context. See Soldal v. Cook County, --- U.S. ----, ---- - ----, 113 S.Ct. 538, 543-48, 121 L.Ed.2d 450 (1992) (removal of a mobile home); United States v. Cardona-Sandoval, 6 F.3d 15, 21-23 (1st Cir.1993) (commandeering of an ocean vessel); Conner v. City of Santa Ana, 897 F.2d 1487, 1490-92 (9th Cir.1989), cert. denied, 498 U.S. 816, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990) (seizure of junked cars). A property seizure occurs when the government's intrusion "meaningfully interferes" with an individual's possessory interest. U.S. v. Jacobsen, 466 U.S. 109, 120, 104 S.Ct. 1652, 1660, 80 L.Ed.2d 85 (1984). Plaintiff further suggests that if there were in fact a search warrant issued:
    a. The issuing court's decision was against the manifest weight of the evidence and Contrary to law when the issuing court declared that there was sufficient evidence to support probable cause to issue the search warrant,
    b. Plaintiffs Fourth Amendment rights to be free of warrantless searches and seizures were violated when the court issued the December 10, 2011, search warrant that was based upon information contained in an [sic] warrant affidavit that was knowingly false or recklessly disregarded, and
    c. Plaintiffs due process rights under the Missouri and U.S. Constitutions were violated in that defendants deliberately and with malicious intent deny plaintiff the right to challenge the sufficiency of any supposed search warrant by denying plaintiff copies of such search warrants and supporting affidavits. Lack of such affidavit and search warrant deny plaintiff an evidentiary hearing to show that any such warrant affidavit contains information that was knowingly or recklessly included in the affidavit which defendant Gibbs knew or should have known was inaccurate
11. Plaintiff suggests that because such property was seized by defendant Gibbs and/or Board of Police Commissioners that such defendants are responsible for such property and cannot transfer control of such property to anyone else without notification to plaintiff and if control of such property was in fact transferred without notification to plaintiff that defendant Gibbs violates defendants rights to due process.
12. Plaintiff suggests that according to the response by defendant Gibbs, such property is within the custody and control of the Kansas City Missouri Police Department.
13. A writ of replevin issues when the petitioner demonstrates a legal right of immediate possession of specific property that is held wrongfully or unlawfully by another. *State ex rel. Jividen v. Toledo Police Dept.* (1996), 112 Ohio App.3d 458, 459, citing *Auto. Fin.Co. v. Munday* (1940), 137 Ohio St. 504, 521. Replevin may provide a

Richard Elbert, In Pro Se
5005 Olive, Kansas City, Missouri 64130
816-606-0713
KCFlavour@hotmail.com

remedy when propertyhas been seized by law enforcement officers and retained after the conclusion of criminal proceedings. See id. See, also, *Spurlock v. Thomas* (Dec. 2, 1992), 9th Dist. No. 92CA005341, at *2. It may also provide a remedy when property that is not described by a search warrant is seized nonetheless. See, e.g., *State ex rel. Luke v. Corrigan* (1980), 61 Ohio St.2d 86.

14. Plaintiff suggests that if in fact such property is held pending any investigations such investigations have been in progress for over nine months and that such time is ample for the determination and culmination of any investigation pertaining to such property.
    *Plaintiff suggests that relevant to this issue are*
    a. *FRCP Rule 64*
       (Replevin is "the return of property wrongfully possessed by another . . . ." *Weener Plastics, Inc. v. HNH Packaging, LLC*, 590 F. Supp. 2d 760, 764 (E.D.N.C. 2008). It is sometimes called "claim and delivery." *Id.* The Supreme Court has held that the due process clause of the Constitution requires that any prejudgment replevin proceeding must afford the defendant an opportunity to be heard before the replevin. *Fuentes v. Shevin*, 407 U.S. 67, 81782, 92 S Ct. 1983, 1994795 (1972),
    b. *the* Torts (Interference with Goods) Act 1977,
    c. PACE and
    d. the Police (Property) Act 1897
       *(Power to make orders with respect to property in possession of police.*

       (1)Where any property has come into the possession of the police in connection (with their investigation of a suspected offence or section thirty-four of the Pawnbrokers Act 1872,) a court of summary jurisdiction may, on application, either by an officer of police or by a claimant of the property, make an order for the delivery of the property to the person appearing to the magistrate or court to be the owner thereof, or, if the owner cannot be ascertained, make such order with respect to the property as to the magistrate or court may seem meet.

       (2)An order under this section shall not affect the right of any person to take within six months from the date of the order legal proceedings against any person in possession of property delivered by virtue of the order for the recovery of the property, but on the expiration of those six months the right shall cease.).

Wherefore, plaintiff respectfully requests this Honorable Court to issue its order for Replevin and order defendants to release to plaintiff property seized from plaintiffs residence at 8111A, B, C and D Troost, Kansas City, Missouri on December 10, 2011.

_/s/ signature_
Signature of Plaintiff

### Certificate of Service

I hereby certify that on the 5th day of September, 2012, I electronically filed the Plaintiffs Response to Defendant Gibbs Second Answer to Plaintiffs Motion for Replevin with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: all CM/ECF participants of record in this case.

_/s/ signature_
Richard M. Elbert